**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| |
|---|
| **CHRISTOPHER PATTERSON,** *Plaintiff,* v. **AETNA LIFE INSURANCE COMPANY,** *Defendant.* |

Civil Action No. 15-8156

OPINION

**THIS MATTER** comes before the Court on Plaintiff Christopher Patterson's ("Plaintiff" or "Patterson") motion for attorney's fees, interest, and costs after summary judgment was entered against Defendant Aetna Life Insurance ("Defendant" or "Aetna) in this action under the Employee Income Retirement Security Act of 1974 ("ERISA"). 29 U.S.C. § 1101; Summary Judgment Order, ECF No. 33. For the reasons set forth herein, the motion is **GRANTED in part and DENIED in part.**

I. BACKGROUND

Plaintiff has filed a timely application for an award of attorney's fees, expenses, and interests in accordance with 29 U.S.C. § 1132(g)(1). Specifically, Plaintiff requests $38,610.00 for attorney's fees payable to J. Brooke Hern, past due benefits in the amount of $219,767.42, pre-judgment interest in the amount of $42,193.03, costs in the amount of $400.00, and post-judgment interest to be calculated by the Court. Plaintiff's Application ("Pl. Application") p. 7, ECF No. 35. Hern declares that he performed 125.40 hours of legal work over the course of the litigation,

1

at a rate of $450.00 per hour for a total of $38,610.00 in legal fees.[1]  See Declaration of J. Brooke Hern ("Hern Decl."), p. 3, ECF 35-1.  He also incurred a filing fee of $400.00.  Id.

### B. Defendant's Response

Defendant opposes Plaintiff's counsel's fee application and his interest calculation.  See Defendant's Memorandum in Opposition ("Def.'s Opp.") p. 1, ECF No. 38.  Defendant asserts that any attorney's fee award should be no larger than $19,000, claiming that Plaintiff's attorney seeks to be reimbursed for "more than 20 hours of time spent pressing for pointless and irrelevant discovery of information outside for the administrative record."[2]  Id. at 7-8.  Defendant also asserts that Plaintiff's interest calculation is incorrect.  Id. at 9.  Instead, Defendant asserts that the correct prejudgment interest calculation is $3,518.62.  Id.  There is no dispute regarding the rate Plaintiff's attorney charges or the requested $400 filing fee.

## II. DISCUSSION

### A. Attorney's Fees: The Ursic Test

The ERISA statute provides for fee shifting and allows "a reasonable fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).  In Hardt v. Reliance Standard Life Ins. Co., the Supreme Court held that "a fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees under 29 U.S.C. § 1132(g)(1)."  560 U.S. 242, 255 (2010) (citing Ruckelshaus v. Sierra Club, 463 U.S. 680, 694, (1983)).  Aetna does not dispute that Plaintiff has achieved this threshold qualification.  Def.'s Opp at 2.

---

[1] There appears to be a discrepancy between the amount Plaintiff's attorney has requested and the amount this rate would indicate (125.40 hours at $450.00 per hour equals $56,430.00). The Court will rely on Plaintiff's calculation of $38,610.00.  See Pl.'s Application at p. 7.

[2] Defendant requests that an award for attorney's fees not exceed $19,000.00, but the Court will rely on Defendant's request that 22.00 hours, or $9,900.00, be subtracted from any award.  See Def.'s Opp at 9.  This calculation still exceeds an award of $19,000.00 ($38,610.00 minus $9,900.00 equals $28,710.00).

In addition to the threshold qualification requirements for an ERISA fee award, the Third Circuit applies a five factor test in assessing fee requests. See Ursic v. Bethlehem Mines, 719 F.2d 670 (3d Cir. 1983). The Ursic test requires consideration of the following factors: (1) the offending parties' culpability or bad faith; (2) the deterrent effect of an an award of attorney's fees; (3) the ability of the offending parties to satisfy an award of attorney's fees; (4) the benefit conferred upon members of the pension plan as a whole; and (5) the relative merits of the parties positions. See Templin v. Independence Blue Cross., 785 F.3d 861 (3d Cir. 2015). The Court will analyze these factors in turn.

### 1. Culpability or Bad Faith

The first factor is the culpability or bad faith by the offending party. The Court finds that this factor weighs in favor of granting fees. "Culpability exists when a particular action is wrongful, even if the party committing it lacked malicious purpose." Music v. Prudential Ins. Co. of Am., No. 05-1223, 2007 WL 3085606, at *2 (M.D. Pa. Oct. 19, 2007). "Under this broad definition, courts have found illogical, arbitrary, or capricious denials of ERISA benefits to be culpable." Id. (citing Brown v. Cont'l Cas. Co., No. 99-6124, 2005 WL 1949610, at *1 (E.D.Pa. Aug.11, 2005)).

Here, the Court determined that Aetna acted arbitrarily and capriciously in denying benefits and narrowly construing "own occupation." Opinion at 16, 20. Therefore, applying the broad definition of culpability, the Court finds that Aetna acted in a culpable manner, and the first Ursic factor weighs in favor of a fee award.

### 2. Deterrent Effect

The second factor requires the Court to consider whether awarding fees would deter the offending party from similar culpable conduct in the future. The Court "need not limits its deterrence inquiry to a fee award's ability to deter future bad-faith conduct;" rather "an award is

proper if it will encourage the offending party to comply with the general objectives of ERISA and treat plan participants fairly in the future." Music, 2007 WL 3085606, at *3. This factor also weighs in Patterson's favor.

For the reasons set forth in the Court's opinion granting summary judgment, this fact is easily met here.

### 3. Ability to Pay an Award

The third factor is the ability of the offending party to satisfy an award of attorney's fees. Aetna does not dispute that it is able to satisfy an award of attorney's fees in the amount of $38,610.00. See Def.'s Opp. at 6. Thus, this factor weighs in favor of the Plaintiff.

### 4. Benefit Conferred on Others

The fourth factor is the benefit conferred upon members of the pension plan as a whole. This factor "focuses on the communal benefit to all members of plan," so it is "most evident in cases through which the plaintiff seeks to compel the defendant to reinterpret the plan's provisions or reinstate benefits for all plan members." Music, 2007 WL 3085606, at *3 (citations omitted). As a result, it "often weighs neither for nor against a fee award when the plaintiff seeks recovery only of the plaintiff's own benefits." Id.

Here, as Aetna correctly identifies, Patterson sued on behalf of himself only and "did not seek any change to the structure or administration of the plan." Id. While Patterson's suit may deter Aetna from unreasonable benefits denials in the future, this benefit is "indirect and difficult to substantiate." Id. (citations omitted). In the absence of a meaningful, direct benefit to other plan participants, the fourth Ursic factor is neutral in this case. See id.

### 5. Relative Merits of the Positions

The final factor considers the relative merits of the positions. Aetna suggests that if the Court had decided to apply the law as stated in other jurisdictions as to the meaning of "own occupation," it would have held in favor of Aetna. Def.'s Opp. at 7. The Court has not only rejected Aetna's argument as a matter of law, but it has also determined that Aetna's decision was arbitrary and capricious under its own interpretation.

Ultimately, the Ursic factors weigh in favor of Patterson in this dispute. Thus, Patterson is entitled to recover for the attorney's fees resulting from this case. However, Patterson and Aetna disagree over the exact calculation of attorney's fees.

**B. Time Spent**

Patterson and Aetna disagree over the amount of time Hern should be compensated for his work on Patterson's case. In determining how much a prevailing party should be compensated for attorney's fees in ERISA litigation, the Court uses a lodestar approach, which yields a presumptively reasonable fee. See Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 310 (3d Cir. 2008). Under this approach, "a court determines the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate." Id. However, "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Hensley v. Eckerhart, 461 U.S. 424, 440 (1983).

Hern declares he performed 125.40 hours of legal time for this case. See Hern Decl. at 3. Aetna asserts that Patterson should not be compensated by Aetna for 22.00 of those hours, or $9,900, because that time was spent on discovery for information outside of the administrative record. See Def.'s Opp. at 1. The Court disagrees.

Although Defendant asserts that 22.00 hours of Hern's discovery was a useless "fishing expedition" that should not be compensated by Defendant, Def.'s Opp. at 8, there clearly was a

5

meritorious basis for this discovery considering Plaintiff's motion for summary judgment was granted. See Plaintiff's Reply ("Pl.'s Reply"), p. 2, ECF No. 39. Although none of the plaintiff's briefs raised any arguments based on this discovery, see Def.'s Opp. at 8, this information outside of the administrative record enabled Plaintiff to investigate procedural irregularities underlying Aetna's decision-making process. See Plaintiff's Discovery Motion ("Pl.'s Motion") p. 6, ECF No. 17-1. Thus, the discovery was not useless.

Moreover, awarding the full amount requested here is consistent with the goals of ERISA. While a primary goal of ERISA is to provide a method for workers to resolve disputes over benefits in an expedited and inexpensive manner, see Taft v. Equitable Life Assur. Soc., 9 F.3d 1469, 1472 (9th Cir. 1993), another goal of ERISA is to protect the interest of plan members and their beneficiaries. Luby v. Teamsters Health, Welfare, & Pension Tr. Funds, 944 F.2d 1176, 1184 (3d Cir. 1991). Awarding Plaintiff's anything less than his full request would force him to bear the burdens and costs of fees associated with the merits of this case. Such a decision would discourage thorough examination of all issues and would place an undue burden on attorneys and clients. The additional 22.00 hours, or $9,900, that Hern spent on this discovery shall not be subtracted from the award. Thus, the total attorney's fee amount awarded to Plaintiff is $38,610.

### C. Prejudgment Interest Calculation

The next issue this Court must consider relates to the prejudgment interest. Prejudgment interest on an award shall be given when the relief granted would otherwise fall short of making the claimant whole because he or she has been denied the use of money which was legally owed. See Anthius v. Colt Industries Operating Corp., 971 F.2d 999, 1010 (3d Cir. 1992). The award of prejudgment interest serves the purpose of compensating prevailing parties for the true costs of monetary damages incurred. See id. In determining the appropriate calculation of interest in a

similar case, the Third Circuit set forth two primary justifications for interest awards: 1) ensuring full compensation to the plaintiff; and 2) preventing unjust enrichment. See Fotta v. Trustees of United Mine Workers of Am., Health & Ret. Fund of 1974, 165 F.3d 209, 213 (3d Cir. 1998).

In the present case, there is no dispute that prejudgment interest should be awarded. Rather, the issue relates to a discrepancy regarding the proper interest calculation. Plaintiff argues he is owed $42,193.03 in prejudgment interest. See Pl.'s Application at p. 7. Defendant asserts that interest should only amount to $3,518.62. See Def.'s Opp. at 9. Defendant's calculation represents the appropriate amount.

As Plaintiff notes, ERISA contains no formula for calculating prejudgment interest. See Pl.'s Application at ¶ 15; see also Holmes v. Pension Plan of Bethlehem Steep Corp, 213 F.3d 124, 137 (3d Cir. 2000) ("ERISA benefits is an equitable remedy dependent upon the individual facts of each claim. Thus, there is no single, objective formula for calculating each class member's interest entitlement."). 28 U.S.C. § 1961, the statute that authorizes postjudgment awards, is the "most analogous federal statute" for determining prejudgment interest under ERISA. Russo v. Abington Mem'l Hosp. Healthcare Plan, 257 F. Supp. 2d 784, 787 (E.D. Pa. 2003). Section 1961 provides that "interest shall be calculated . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield." For the week ended November 6, 2017, the Treasury yields at constant maturity was 1.01 percent. There is no dispute as to this rate. The dispute is whether the rate should be applied monthly or yearly.

As Defendant notes, Plaintiff has applied the interest calculation on a monthly basis rather than on an annual basis. See Def.'s Opp. at 9. Plaintiff's calculation results in an erroneous 12.45 percent interest on an annual basis, for a total of $42,193.03, whereas Defendant's calculation correctly applies the 1.01 percent annual interest rate for three years, for a total of $3,518.62.

Defendant's calculation is also consistent with the principles set out in Fotta. Applying those principles in a similar case, the Court in Holmes determined that although prejudgment interest was appropriate, the purpose of granting this equitable relief is simply to place "the plaintiff in the position he or she would have occupied but for the defendant's wrongdoing." 213 F.3d at 133 (citing Ford v. Uniroyal Pension Plan, 154 F.3d 613, 619 (6th Cir. 1998)). Awarding Plaintiff's interest calculation would overcompensate Plaintiff and would contradict the principles of this remedial goal. Defendant's interest calculation is the appropriate measure of interest.

### D. Postjudgment Interest Calculation

The final issue the Court must decide relates to the postjudgment interest calculation. Under 28 U.S.C. § 1961, federal district courts are required to award postjudgment interest. This statute provides that such interest must be calculated from the date of the entry of judgment and computed daily until the judgment is satisfied. See 28 U.S.C. § 1961(a). The Third Circuit adopts a minority approach to this calculation in which interest accrues beginning on the date the court quantifies and awards fees. See Eaves v. County of Cape May, 239 F.3d 529, 527-528 (3d Cir. 2001).

Given the Third Circuit's approach in this area, the postjudgment interest calculation will begin to accrue beginning on the date of this decision. See Eaves, 239 F.3d at 527-528. Accordingly, Defendant must compensate Plaintiff for daily interest starting as of the date of this opinion until Defendant pays Plaintiff.

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion for attorney's fees, interest, and costs are **GRANTED in part and DENIED in part**. Accordingly, Patterson will be awarded attorney's fees in the amount of $38,610.00, past due benefits in the amount of $219,767.42, prejudgment

interest in the amount of $3,518.62, postjudgment interest beginning as of the date of this opinion, and costs in the amount of $400.00.

**Dated: July 27, 2018.**

<u>*/s Madeline Cox Arleo*</u>  
**Hon. Madeline Cox Arleo**  
**United States District Judge**